## CITY NAT. BANK & TRUST CO. OF CORPUS CHRISTI v. PYRAMID ASBESTOS & ROOFING CO.

### No. 8622.

Court of Civil Appeals of Texas. San Antonio.

May 20, 1931.

Rehearing Denied June 24, 1931.

Hubbard, Dyer & Weaver, of Corpus Christi, for appellant.

Polk, Allen & Helm, of Houston, for appellee.

SMITH, J.

T. H. Black was employed by appellee as salesman of roofing materials in the Corpus Christi territory. Some of his customers paid Black for those materials through checks made payable to appellee or its order. Black indorsed the checks as the representative of appellee, and deposited them in appellant bank, which credited the proceeds thereof to Black's personal account. Black had no authority to so indorse said checks or appropriate the proceeds thereof to his own use, and appellant became liable to appellee for the amount of the funds so converted.

The trial court found that the funds so misappropriated amounted to $501.43, and, from a judgment in favor of appellee for that amount against appellant, both parties have appealed; appellant contending that the amount is excessive, and appellee contending for a larger sum.

One of the checks upon which appellee sought to recover was for the sum of $136, and was made payable "to the order of (appellee) or bearer." Black presented the check to appellant for payment, and appellant credited the amount thereof to his personal account. Appellee contends, by cross-assignment, that appellant thereby converted the fund; that, in effect, it was not negotiable without appellee's authorized indorsement thereon. We overrule this contention. A check payable to order "or bearer" is negotiated by delivery, and is payable to bearer without the necessity of indorsement. Sections 9, 30, Negotiable Instruments Act (Rev. St. 1925, art. 5932, § 9, and art. 5934, § 30).

Appellee further urges that the trial court erroneously withheld judgment in its favor for an item of $73 alleged to have been wrongfully converted from funds belonging to appellee. But the court found that the evidence traced this item into the possession of appellee, and we cannot say this finding is without support. By the same token appel-

lant's contention, that two items of $20.01 and $200, respectively, were erroneously charged against it, cannot be sustained.

We conclude that there is no ground for reversal, and, accordingly, the judgment is affirmed.